UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| IRENE BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-280-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the United States' Motion for Summary Judgment.  [Record No. 28]  In its motion, the United States contends that no genuine issue of material fact exists because the Plaintiff has failed to establish an essential element of her claim for negligence.  More specifically, the United States claims that it did not owe the Plaintiff a duty of care because the standing water containing algae was an open and obvious condition.

Having reviewed the parties' briefs and the relevant record, the Court finds that the Plaintiff has failed to establish an essential element of her claim and that the United States is entitled to judgment as a matter of law.  Accordingly, the United States' motion will be granted and the Plaintiff's claims will be dismissed.

I.      BACKGROUND

This litigation results from a slip-and-fall incident that occurred in the parking lot of the Carr Creek Marina, in Knott County, Kentucky, on October 10, 2004.  On that date, Plaintiff Irene Blair ("Blair") slipped in standing water in the parking lot at the marina, causing her to fall

-1-

and hit her arm and head against a parking barrier.  As a result of the fall, Blair suffered a compound fracture of her right wrist, hairline fractures of her right pelvis, and a head injury.

The parking lot where the incident occurred is owned and operated by Defendant United States Army Corps of Engineers ("United States").  According to Blair, she parked in the lot because she intended to go to the privately-owned marina to perform some clean-up work on her houseboat.  After parking, she exited her vehicle and observed one-half to one inch deep standing water (which appeared to contain algae) near the front of the car on the driver's side. Blair testified at her deposition that the water was too wide for her to step over, so she "ran around behind" her car and "came back up the other side." [Record No. 28, Ex. 8 p. 3]  She then stepped in the water on the passenger side of the car, slipped, fell, and hit her arm and head against the concrete parking barrier.

Blair further testified that she parked in the particular parking spot at issue because a fish-fry was being held on the property, and all other spots except those in the rear of the parking lot were occupied.  The Plaintiff concedes that she could have avoided the water if she walked behind and away from her vehicle, then below or above her car until she reached dry pavement either above a pothole on the upper side, or below where the water ended on the lower side. However, Blair contends that such a route would have been "unrealistic and at best highly impractical."  Additionally, the Plaintiff notes that she would have had to take a similar extended route to avoid the wet pavement if she had parked in the dry spaces in the back of the parking lot.

In its motion for summary judgment, the United States argues that Blair's deposition testimony and the undisputed facts in the record establish that the condition causing the fall was open and obvious.  According to the United States, this fact negates any potential liability because a landowner does not have a duty to protect invitees from open and obvious dangers. [Record No. 28, p. 17 (*citing Rogers v. Professional Golfers Ass'n of America*, 28 S.W. 3d 869, 872 ( Ky. App. 2000))].  Blair disagrees with the United States' characterization of her testimony and claims that the condition was not obvious and that her actions were reasonable under the circumstances, citing *Wallingford v. Kroger Co.*, 761 S.W.2d 621 (Ky. App. 1988).  Blair further claims that water was not a natural condition and that the United States was aware of the source of the standing water for several months but failed to remedy the condition.

Alternatively, the United States contends that this Court does not have subject matter jurisdiction because the United States is protected by Kentucky's Recreational Use Statute, K.R.S. § 411.190.  According to the United States, the Plaintiff was engaged in a recreational activity and, therefore, is not entitled to relief under any of the exceptions provided in K.R.S. § 411.190(6).  However, Blair contends that she was not engaged in a recreational activity at the time of her fall, and, even if she was, the exception provided in K.R.S. § 411.190(6)(a) for "wilful or malicious failure to warn or guard against a dangerous condition" applies.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993). Once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) quoting *Anderson*, 477 U.S. at 251-52.

### III.   ANALYSIS

**Open and Obvious**

To prevail on a claim for negligence under Kentucky law, a plaintiff must establish "(1) that the defendant had a duty of care; (2) a breach of duty; and (3) consequent injury." *Blust v. Berea College*, 431 F. Supp. 2d 703, 704 (E.D. Ky. 2006) (*citing Mullins v. Commonwealth Life Ins.*, 839 S.W.2d 245, 247 (Ky. 1992); *M & T Chemicals Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974)). If a plaintiff fails to establish any of these elements, her claim must fail as a matter of law. *Id.* (*citing M & T Chemicals, Inc.*, 525 S.W.2d at 741).

Here, the United States argues that Blair has failed to establish that it owed her a duty of care because the danger of slipping in the standing water was open and obvious as a matter of law. The parties have agreed for purposes of this motion that the Plaintiff was an invitee at the time of her fall. [*See* Record No. 28, p. 16; Record No. 33, p. 4] Generally, a property owner who directly or indirectly invites others to use his property has a "general duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Rogers v. Professional Golfers Ass'n of Am.*, 28 S.W.3d 869, 872 (Ky. App. 2000). "However, 'reasonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious that he may be expected to discover them.'" *Id.* (*quoting Johnson v. Lone Start Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490, 492 (Ky. App. 1999)); *see also Standard Oil Co. v. Manis*, 433 S.W.2d 856 (Ky. App. 1968). "The term 'obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception,

intelligence and judgment." *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 529 (Ky. 1969) (citations omitted).

In *Standard Oil Co. v. Manis*, the Kentucky Court of Appeals held that an owner of land does not owe a duty to warn or protect invitees from open and obvious dangers created by natural elements. *Standard Oil*, 433 S.W.3d at 859. In that case, the plaintiff slipped and fell on an icy walkway owned by the defendant. The Court noted that the plaintiff was familiar with the area, that he was aware of the accumulation of ice and snow, and that the accident occurred outside, exposed by broad daylight. *Id*. The Court concluded that the icy walkway was an open and obvious condition, and that the defendant did not owe the plaintiff a duty to make the walkway absolutely safe or warn the plaintiff "that the obvious natural conditions may have created a risk." *Id*.

Similarly, in *Rogers v. Professional Golfers*, the Kentucky Court of Appeals held that summary judgment was appropriate where the plaintiff slipped on a wet, grassy hillside while observing a golf tournament the day after it rained. The court noted that the plaintiff played golf and was familiar with the course, that she was aware of the heavy rainfall, and that she had testified that she thought this particular golf course was hillier than other courses. *Professional Golfers*, 28 S.W.3d at 872. The court further noted that, although the plaintiff claimed that the condition was not obvious because the grass was dry while the ground beneath it was wet, she should have known that the ground could have been wet if she had exercised ordinary prudence. *Id*. at 72-73. Accordingly, the court found that no genuine issue of material fact existed in this regard. *Id*. at 73.

The court also rejected the plaintiff's argument that her actions were reasonable under the circumstances because she was not *forced* to cross the hillside. *Id.* Finally, the court found that the open and obvious rule applied regardless of whether the condition was man-made or natural. *Id.* ("We believe it is irrelevant as to whether the hillside may be considered a natural or unnatural condition. Even if the condition is man-made, the open and obvious rule would apply.")

In the present case, the undisputed facts establish that the standing water was an open and obvious condition under Kentucky law. As the Kentucky Court of Appeals noted in *Professional Golfers*, it is irrelevant whether the standing water was caused by natural or man-made conditions because "[e]ven if the condition is man-made, the open and obvious rule would apply." *Professional Golfers*, 28 S.W.3d 873; *see also Kelly v. United States Department of Agriculture*, 2006 U.S. Dist. LEXIS 72869 (E.D. Ky. Sept. 13, 2006) (Caldwell, J.). The accident occurred outside, and the condition was exposed by daylight. In her deposition, the Plaintiff testified that she frequently visited the marina and that she had observed and even complained about the water prior to the date in question. [Record No. 28, Ex. 8, p.20] Specifically, the Plaintiff testified that she had seen the water in the parking lot for approximately one year and that she had seen the algae for four or five months prior to her fall. [Record No. 28, Ex. 8, p.21] It is also clear that the Plaintiff recognized the obvious risk of stepping in the water and algae, as she avoided doing so on the driver's side of the car.

Nor does the Plaintiff's reliance on *Wallingford v. Kroger* afford her relief in this case. In *Wallingford*, the Kentucky Court of Appeals set out an exception to the open and obvious rule

under the unique set of circumstances presented.  The plaintiff was a delivery man who arrived at the Kroger store to make a delivery, saw the snow and ice on the only ramp, requested alternate access to the store, and was denied that access by store personnel.  The plaintiff in that case ultimately slipped and fell in attempting to deliver his goods by way of the icy ramp.  The Kentucky Court of Appeals held that a landowner is not relieved of his duty to exercise ordinary care when the owner "has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk."  *Wallingford*, 761 S.W.2d at 625 (*quoting* Restatement (Second) of Torts § 343(A) cmt. f (1965)).  However, this holding has been consistently limited to cases in which the plaintiff is *forced* to proceed through the dangerous condition.  *See Professional Golfers*, 28 S.W.3d at 873 ("We believe the facts of that case are distinguishable from those herein because in that case the delivery man had been allowed only one route into the store to make his delivery.  In this case, however, Rogers was not forced to cross the hillside.")

The case currently before the Court is clearly distinguishable from the facts in *Wallingford*.   In this case, Blair went to the marina to perform clean-up work on her boat, a recreational activity, and she could have avoided the water by walking behind and away from her vehicle.  As in *Professional Golfers*, the United States did not owe the plaintiff a duty because the plaintiff was not *forced* to walk across the water in that area of the parking lot.

This court recently addressed a case similar to the one presently before the Court in *Kelly v. United States Department of Agriculture*, 2006 U.S. Dist. LEXIS 72869 (E.D. Ky. Sept. 13, 2006) (Caldwell, J.).  There, the plaintiff suffered an injury when he slipped and fell on the

wooden steps leading to a boat ramp. The steps were wet and covered with leaves and algae, the plaintiff was aware of the dangerous condition, and the plaintiff could have walked down the road to access the ramp. The Court concluded that the condition was open and obvious as a matter of law and that *Wallingford* was inapplicable because the plaintiff could have taken a different route to reach the ramp. *Kelly*, 2006 U.S. Dist. LEXIS at *12 ("In this action, Plaintiff was fishing, a recreational activity, and could have accessed the boat ramp by walking down the road. Therefore, the court's ruling in *Wallingford* is clearly distinguishable from Plaintiff's case.")

As in *Kelly*, the Plaintiff in this case knew or should have known of the obvious danger the standing water and algae presented. She testified that she observed one-half to one inch deep water that appeared to contain algae, and that she walked around to the passenger side of her car to try to avoid it. However, when she saw that the water was also on the passenger side, she knowingly stepped into the water, despite the hazard. Unlike the plaintiff in *Wallingford* and like the plaintiffs in *Kelly* and *Professional Golfers*, she was not forced into taking the dangerous route, as an alternate route behind and away from her vehicle was available. Accordingly, the *Wallingford* exception to the open and obvious rule is inapplicable under the circumstances presented.

Because the Court finds that the standing water containing algae was an open and obvious condition as a matter of law, the United States did not have a duty to warn or protect the Plaintiff from that condition. "If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence." *Ashcraft v. Peoples Liberty Bank & Trust Co.*,

724 S.W.2d 228, 229 (Ky. App. 1986); *see also Kelly*, 2006 U.S. Dist. LEXIS at *13 ("Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"(*citing Celotex*, 477 U.S. at 322)).

### IV.    CONCLUSION

Because the Court finds that summary judgment is appropriate, it is not necessary to reach the remaining issues presented in the United States' motion.  Accordingly, it is hereby

**ORDERED** as follows:

1.    The United States Motion for Summary Judgment [Record No. 28] is **GRANTED**.

2.    The pretrial conference and trial previously scheduled are **CANCELLED** and **SET ASIDE**.

3.    Judgment will be entered this date in favor of the United States.

This 5th day of March, 2007.



-10-