UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| IRENE BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-280-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On March 5, 2007, the Court granted summary judgment in favor of the United States in this matter because the Plaintiff, Irene Blair ("Blair"), failed to present sufficient evidence to establish an essential element of her claim for negligence. In reaching this conclusion, the Court relied primarily on the Kentucky Court of Appeals' decisions in *Rogers v. Professional Golfers Association of America*, 28 S.W.3d 869 (Ky. App. 2000), and *Johnson v. Lone Star Steakhouse and Saloon of Kentucky, Inc.*, 997 S.W.2d 940 (Ky. App. 1999). Based on these decisions, the Court determined that the undisputed facts in the present case established that the dangerous condition resulting in Blair's injuries was open and obvious as a matter of law. Accordingly, the Court held that the United States did not owe Blair any duty to warn or protect her from the hazard, and, therefore, she could not establish an essential element of her claim for negligence.

Following the Court's ruling, Blair filed a motion to alter, amend or vacate the summary judgment. In support, Blair contends that this Court's decision is "at odds with recent Kentucky

decisions shifting the burden of proof to the Defendant in premises liability cases, and further is generally at odds with the comparative negligence doctrine established in *Hilen v. Hayes*, 673 S.W.2d 713 (Ky. 1984)." [Record No. 46, p.1-2]

The United States has not yet responded to the Plaintiff's motion and has filed a motion for an extension of time to file its response. However, having reviewed the Plaintiff's motion and being of the opinion that no response is necessary, the Court will deny the Plaintiff's motion to alter or amend for the reasons stated below. Accordingly, the Court will also deny the United States' motion for an extension of time to respond to the Plaintiff's motion, as moot.

**I.     Analysis**

Generally, to succeed on a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), a party must demonstrate either a clear error of law, newly discovered evidence, an intervening change in controlling law, or that relief is necessary to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). As the Sixth Circuit has noted, "[i]t is within the sole discretion of a court to determine if a prior ruling should be reconsidered. Thus, we decline to impose any conditions or limitations upon a court's power to review a prior ruling of [its own or of] another court." *EEOC v. United Ass'n of Journeymen & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

Here, the Plaintiff makes no claim that there has been a change in intervening law or newly discovered evidence. Instead, she contends that this Court's decision involed a clear error of law based on the comparative negligence doctrine established in *Hilen*, as well as the burden-shifting premises liability line of cases including *Lanier v. Walmart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003), *Martin v. Mekanhart Corp.*, 113 S.W.3d 95 (Ky. 2003), and *Bartley v. Educational Training System*, 134 S.W.3d 612 (Ky. 2004). Generally, Blair argues that these cases hold that a plaintiff cannot be found contributorily negligent as a matter of law so as to bar her claim without also taking into consideration the Defendant's conduct.

Although the Plaintiff's argument accurately summarizes *one* category of premises liability law in Kentucky, it is inapplicable to the case currently before the Court. Since issuing its opinions in *Lanier*, *Martin*, and *Bartley*, the Kentucky Supreme Court has clearly explained that there are *three* distinct categories of premises liability under Kentucky law:

> Our case law regarding premises liability has developed within three distinct categories. The first category holds that the owner of a business premises has no duty to protect invitees from injuries caused by "natural outdoor hazards which are as obvious to an invitee as to an owner of the premises." . . .
>
> The second category holds that if the invitee was injured because of an encounter with a foreign substance or other dangerous condition on the business premises, the owner can avoid liability by proving that the hazard was not caused by the owner or the owner's employees and that the hazard was not present for a sufficient period of time before the accident to give the owner notice to remove it or to warn invitees of its presence. . . .
>
> The third category involves hazards caused by the owner. If the hazard is "known or obvious to" the invitee, the owner has no duty to warn or protect the invitee against it. These are the cases contemplated by Restatement § 343A, supra, and are best exemplified by *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526 (Ky. 1969). In *Bonn*, a customer of an automobile service center fell into a "grease pit," an open basement in which employees stand while servicing the undersides

> of customer's vehicles. Although Bonn had never been in this particular shop, he admitted that he was familiar with such businesses and knew they commonly contained grease pits. Noting that the risk was inherent in the nature of the activity, itself, that the pit was neither unusual nor hidden (it was two car-lengths long, bisected by a metal bridge, and ridged around its edges), and that the area was well lighted, our predecessor court held that the premises owner "breached no duty to [the plaintiff] which was causative of the harm he suffered." *Id*. at 529.
> . . .
>
> In *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490, 46 9 Ky. L. Summary 17 (Ky. App. 1999), the plaintiff was a customer in a restaurant that provided peanuts to its customers and permitted them to toss empty shells onto the floor. Johnson was in the restaurant for more than two hours and admitted that she was aware of the peanut shells on the floor and considered them a hazard. Upon attempting to exit the restaurant after finishing her meal, she slipped on the peanut shells and fell. Citing *Bonn*, the Court of Appeals held that the owner of the premises owed no duty to the plaintiff because the hazard was both known and obvious to her. *Id*. at 491. n1 **In such cases, the plaintiff's admission that the hazard was both known and obvious to him or her pertains not only to the issue of contributory fault, but also to whether the hazard was so known and obvious as to obviate any duty on the part of the owner to warn or protect the invitee against the hazard.**

*Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 368-69 (Ky. 2005) (emphasis added).

In the present case, the Court viewed the facts in the light most favorable to the Plaintiff and determined that even if the hazard was not natural, the undisputed testimony established that it was open and obvious as a matter of law. The Court noted that Blair testified that she observed one-half to one inch deep water that appeared to contain algae, and that she walked around to the passenger side of her car to try to avoid it. However, when she saw that the water was also on the passenger side, she knowingly stepped into the water, despite the hazard. The Court concluded that the standing water containing algae was an open and obvious condition as

a matter of law and that the United States did not have any duty to warn or protect the Plaintiff from that condition. [Record No. 44]

As the Kentucky Supreme Court noted in *Horne*, "the plaintiff's admission that the hazard was both known and obvious to him or her pertains not only to the issue of contributory fault, but also to whether the hazard was so known and obvious as to obviate any duty on the part of the owner to warn or protect the invitee against the hazard." *Horne*, 170 S.W.3d at 369. Because the open and obvious nature of the dangerous condition resulting in Blair's fall relieves the United States of *any* duty in the present case, the second category of cases listed above, including *Lanier*, *Martin*, and *Bartley*, is inapplicable under the circumstances presented.

Based on the above analysis, the Court finds that its previous determination follows the applicable Kentucky premises liability law. Therefore, the Court will deny Blair's motion to alter, amend or vacate the previous judgment.

**II.    Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

1.    The Plaintiff's Motion to Alter, Amend or Vacate [Record No. 46] is **DENIED**.

2.    The United States' Motion for an Extension of Time [Record No. 47] is **DENIED** as moot.

This 16th day of March, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge